UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| Home & Nature, Inc.<br><br>                    Plaintiff,<br><br>-against-<br><br>Amazon.com, Inc.<br><br>                    Defendant. | Case No. 7:26-cv-02956<br><br>**COMPLAINT**<br>**(JURY TRIAL DEMANDED)** |

Plaintiff Home & Nature, Inc. (hereinafter often referred to as "Home & Nature" or "Plaintiff") by its attorney Andrew S. Langsam, Esq. as and for its Complaint against Amazon.com, Inc. (hereinafter "Amazon" or "Defendant") respectfully alleges as follows:

**NATURE and BACKGROUND NECESSITATING THIS ACTION**

This is an action for copyright infringement of artistic and new designs for inexpensive necklaces that display a look for the neck of the wearer that he/she is wearing a neck-encircling simple yet elegant tattoo-like design (hereinafter "tattoo necklaces").  Plaintiff owns several US copyrights on these Tattoo necklace designs, has applied for and obtained Certificates of Copyright Registration for them, and actively licenses the same to qualified manufacturers, distributors and retailers for their sale in the US and abroad.  By this action, Plaintiff, Home & Nature, seeks to enforce its exclusive rights and to protect itself and its Licensees from unlawful copying, sales, offers for sale, delivery, etc. - all acts of copyright infringement, by unlicensed designs sold by Amazon.com, Inc. and its suppliers.  Home & Nature seeks to recover for its and its licensees significant loss of sales and for Home & Nature's loss of significant licensing revenue.  Home & Nature seeks a preliminary and a permanent injunction to enjoin Defendant from further and continuing/ongoing infringement of Home & Nature's US copyrights on the tattoo necklaces. Plaintiff also seeks an award of monetary damages for Defendant's unlawful conduct in the past.

And, Home & Nature seeks enhanced or increased statutory damages, costs and attorneys' fees as the prevailing party, all pursuant to US Copyright law as Defendant has continued to infringe for far long after being put on actual Notice by Plaintiff of its Copyrights and Defendant's and its suppliers' continuing infringement.

Defendant has lost any right to a "safe harbor" via the Digital Copyright Millenium Act as its "system" for dealing with complaints of infringement on its website is basically mindless and worthless and does not seem to consider any of the merits of the allegations of infringement. All claims are pursuant to Title 17, applicable US copyright law.

Defendant Amazon.com, Inc. has an active, far-reaching and well-known powerful website used by many sellers of goods. On information and belief it is the single most successful internet website for the sale of goods to consumers within the United States. That website is generally available in the United States and extends throughout substantially the entire world to anyone (hereinafter "consumers") with a laptop computer, a desktop computer, a mobile phone, etc. Consumers can navigate the Amazon.com website for a huge variety of product categories and products and can purchase the same online, view details of the products, and make purchases of the same, with anticipated delivery of the product(s) to their residences and/or businesses.

Amazon.com Inc. has directed tens of hundreds if not many thousands of consumers to purchase infringing copies of Home & Nature's copyrighted Tattoo Necklaces from any one or more resellers of the same on the Amazon.com website. The resellers are assigned by Defendant with an ASIN, i.e., an Amazon Standard Identification Number, and Amazon.com, Inc. then allows the reseller to post advertising on the Amazon.com website offering that product for sale under the supplied ASIN and for sale through and upon the Amazon.com website, with Amazon.com Inc. handling the transaction from Order, information obtaining, purchase by the

2

consumer via a credit card or other financial service, and address and delivery.  Amazon.com Inc. also directs the consumer in any post delivery concerns, including returns, credit, malfunction of goods, etc.  Amazon.com as the website, directed and controlled by Amazon.com Inc. serves as the intermediary for the purchase transaction, often itself distributing the same to the consumer and handling the purchase transaction (receiving funds from consumer and resolving sales with the reseller) i.e., the provision of net proceeds to the resellers offering the infringing merchandise with the ASIN on the Amazon.com website.  Consumers are provided with the infringing merchandise of others, throughout 50 States of the US and throughout the rest of the world.  Defendant has its headquarters at Seattle, Washington, but its principal manner of making sales and specifically the accused infringing sales of tattoo necklaces is via its website Amazon.com which is carried on and accessible on the internet.

Infringing sales of counterfeit tattoo necklaces have been made in the State of New York. Amazon has been notified repeatedly of its offerings of infringing products resulting in sales to consumers and has set up a "system" to try to gain immunity for those sales by claiming that it is entitled to the "safe harbor" of the Digital Millenium Copyright Act as a consequence of the "system."

The DMCA's safe harbor (Section 512) protects online service providers (OSPs), websites, and platforms from monetary liability for copyright infringement committed by their suppliers and users, provided they (the OSP) complies with specific rules. To qualify, OSPs must promptly remove infringing content upon notice, it must also lack actual knowledge of infringement, and designate an agent for receiving takedown requests.  Amazon.com's "system" fails to fulfill the requirements and thus it is not entitled to any benefit of the safe harbor nor the protection provided by Section 512 of the DMCA.

Key Requirements to Maintain Safe Harbor Protection are:

Notice-and-Takedown Procedure: Upon receiving a valid notification from a copyright owner, the OSP must expeditiously remove or disable access to the infringing material.

Designated Agent: The OSP must register a designated agent with the U.S. Copyright Office to receive notifications and clearly list this agent's contact information on their website, say for example: Jones IP Law and U.S. Copyright Office.

No Direct Knowledge: The provider (OSP) must not have actual knowledge or "red flag" awareness of obvious infringing activity.

Financial Benefit: The provider must not receive a financial benefit directly attributable to the infringing activity if they have the right and ability to control it,

Repeat Infringer Policy: The OSP must adopt and reasonably implement a policy to terminate users who are repeat copyright infringers. (Emphasis added).

However, it is sadly crystal clear that Amazon.com, at least for the accused infringing products complained about to it by Plaintiff-Home & Nature over the past one to two years, has not satisfied many of the requirements to be entitled to the safe harbor provided by the Act. Amazon.com Inc. and its Amazon.com website are not entitled to the Safe Harbor protection provided by the DMCA.

The system and methodology put forth by Amazon.com Inc. is unduly complicated, ineffective, seemingly run or controlled by artificial intelligence and worthless as it merely **ignores the merits of the claims** by Home & Nature and the evidence of direct copying and infringement being made by the resellers use of the Amazon.com website.  And, of course, Amazon.com is ignoring its own responsibility and liability.

4

Amazon.com Inc. does NOT expeditiously remove or disable access to the infringing material.

No Direct Knowledge: The provider (OSP) must not have actual knowledge or "red flag" awareness of obvious infringing activity.  Amazon.com Inc. has been repeatedly advised of the obvious infringing activity but chooses to ignore the same.

Financial Benefit: The provider must not receive a financial benefit directly attributable to the infringing activity if they have the right and ability to control it.  Here, it is known that Amazon.com Inc. obtains the full payment for the products from consumers and only transfers to the resellers a portion of that, keeping for itself a financial benefit for each and every sale (infringing activity) by the resellers.  Clearly, since the offerings of the infringing merchandise are on the Amazon.com website, Amazon.com Inc. has the right and ability to control those displays of the infringing merchandise and the ability and duty to "take it down" when advised of clearly infringing merchandise.

Repeat Infringer Policy: The OSP must adopt and reasonably implement a policy to terminate users who are repeat copyright infringers.  This, too, is ignored by Amazon.com Inc. as many of the infringements sought to be taken down by Plaintiff, Home & Nature, are placed on Amazon.com's website by the same entity as previously complained about, with the "newly" offered products merely having a different (but assigned by Amazon.com Inc.) ASIN.

Sadly, there is apparently no visual comparison being made by Amazon.com Inc. between the accused infringing items (each with an ASIN) and the copyrighted designs of Home & Nature, nor any visual comparison being made between the accused infringing items and the deposit copies which were filed by Home & Nature with the applications for Certificates of Copyrights for the various designs of the tattoo necklaces created and authored by Home & Nature's assignor.  The designs i.e., the Deposit Copies accompanying the applications for certificates of copyright registration were all repeatedly provided by Home & Nature to Amazon.com Inc.  Any human would, could and should instantly recognize the exact line for

line, element by element, copying and thus infringement by the resellers on the Amazon.com website.  On the merits of the allegation of copyright infringement, there is a noticeable lack of attention by Amazon.com Inc. on the issue of direct copying and substantial similarity (conditions for a conclusion of infringement of copyrights).  There seems to have been no visual comparison by Amazon.com Inc. between the copyrighted Home & Nature necklace designs and the designs of the accused infringers who post on Amazon.com, i.e., those advertising the accused infringing items.  All that seems to be generated from the filing of a Complaint by Home & Nature on the designated site of Amazon.com is a denial of the claim.  There is no ability to discuss the matter with a human and no support nor reasoning given for the denial of the requested "takedown."  The artwork and copyrighted designs of Home & Nature are just ignored and the resellers and Amazon.com Inc. are thus allowed to continue –to Home & Nature's financial disadvantage and to the resellers and Amzon.com Inc.'s financial advantage.  A knee-jerk and without-consideration-of-the-merits refusal in response to Home & Nature's report of copyright infringement is frequently generated and there is no opportunity for discussion of the merits.

Thus, Amazon.com is not entitled to the safe harbor of the DMCA as the "system" it has established, in so far as applicable to the accused infringing items identified by Home & Nature and its copyrights vis a vis the identified resellers of infringing merchandise, are not reviewed on the merits but if reviewed, surely not correctly.  Amazon.com has lost its right to rely upon the safe harbor of the DMCA as a consequence of their "system" being totally ineffective at ceasing legitimate claims of copyright infringement.

Thus, Amazon.com Inc. and its many distributors, internet-based stores and others have sold and continue to sell infringing merchandise on the Amazon.com website, with impunity and

seemingly immunity, i.e., they sell clearly direct copies of Home & Nature's copyrighted designs of tattoo necklaces despite Amazon.com being repeatedly advised and placed on Notice of Infringement by Plaintiff's many filed Notice Letters, emails, actual US Postal mailings, and Complaint filings.   Home & Nature has repeatedly tried to use the Amazon.com Copyright Complaint system and webpage, etc. but it is seemingly worthless and results only in a simple denial – not on the merits but on some backend reason to which Home & Nature is not privy to. Amazon's offending and infringing merchandise (clearly copied from Home & Nature's copyrighted designs) and that of its resellers is advertised, marketed, offered for sale, sold and delivered in various states of the US, including New York, and its resellers/merchants and partners in this infringing activity do so without financial exposure as Amazon seemingly seeks to rely upon its claim to immunity from prosecution under the DMCA – to which it is not entitled to take advantage of.

Sales have been made of the infringing goods, on information and belief, into all of the states of the United States, and throughout many countries of the world.   Advertising by Amazon.com and its merchant partners is rampant and significant and many items of the merchandise (as identified by Home & Nature by use of the Amazon ASINs)  are direct and infringing copies of the designs copyrighted by Home & Nature, Inc.

This lawsuit arises from and under the U.S. Copyright Act, as related to Amazon.com Inc.'s unlawful and infringing conduct, which includes but is not limited to importing, marketing, advertising, soliciting sales, sales,  delivery and/or distribution of tattoo necklaces --wearable jewelry products that are substantial copies of and infringe Home & Nature's intellectual property rights and its copyrighted designs in and to its tattoo-simulating neckware jewelry designs, as described in full detail below.

7

**With the Above as Background, for and as its Complaint, Home & Nature, Inc. alleges:**

**SUBJECT MATTER JURISDICTION AND VENUE**

1.  This Court has original subject matter jurisdiction over the principal claims in this action pursuant to the U.S. Copyright Act of 1976, and 28 U.S.C. 1338(a) and (b); and Title 17 U.S.C.§101 et seq.

2.  This Court has subject matter jurisdiction over claims relating to US copyright infringement.  This is an action for US Copyright Infringement.

3.  Venue in this judicial district is proper under 28 U.S.C. § 1391(a), (b)(2) or (3), (c) (2) and/or  (3), and this Court may properly exercise personal jurisdiction over Defendant since Amazon.com Inc. has substantial business within the State of New York and this judicial district and directly targets its business activities toward consumers in the United States and within New York, including those in this judicial district within the State of New York, through at least the offering for sale over the internet and upon Defendant's website Amazon.com the infringing products within the State of New York.  Significant sales have  been made by Amazon.com Inc. through its website Amazon.com of the accused infringing products (all covered by US Certificates of Copyright Registration of Home & Nature, Inc. and concerning Tattoo Necklaces) for delivery to consumers within the State of New York pursuant to orders placed by consumers within the State of New York.

4.  There is thus subject matter jurisdiction, personal jurisdiction over Amazon.com Inc. and venue within this Judicial District.

8

**PARTIES**

5.    Plaintiff, Home & Nature Inc. is, and at all times herein mentioned has been, a corporation of the State of Florida.

6.  Plaintiff is informed and believes and thereon alleges that Defendant Amazon.com Inc. operates and controls the Amazon.com website and has principal offices at 410 Terry Ave N, Seattle, Washington, with outlying offices throughout the United States.  On information and belief, Amazon.com Inc. has warehouses holding infringing merchandise as accused herein within locations throughout the United States and within this judicial district in, for example, Fishkill, New York; Manhasset, New York; New York, New York; Manhattan; and Brooklyn, New York.  Defendant's formal address is 410 Terry Avenue North, Seattle, Washington  98109.

7.  Defendant has been and is doing business in and with consumers in the United States and with customers within the state of New York and within this judicial district of the State of New York.  Defendant has a consumer accessible internet website within the State of New York and sells the accused infringing tattoo necklace products through its website within the State of New York as well as to consumers located in substantially all of the States of the United States.

8.    Upon information and belief, Amazon.com Inc. widely advertises and promotes the relatively inexpensive tattoo necklace jewelry goods throughout the United States via its Amazon.com website.

9. This Court has personal jurisdiction over Defendant as it is doing business in this State and Judicial District; has intentionally engaged in acts targeting consumers in this Judicial District; has sold accused infringing goods i.e., tattoo necklaces to residents of this State and Judicial District; and has purposefully availed itself of the privilege of conducting business and activities in this State and Judicial District. In addition, many of the wrongful acts complained of herein (copying, advertising, marketing, selling and delivering of infringing tattoo necklaces and merchandise) occurred in this State and Judicial District and have had and will continue to have a significant impact on New York residents.

10. Defendant Amazon.com Inc. has sold and continues (even after it was notified of Home & Nature's Registered US Copyrights) to sell accused infringing articles of jewelry, including accused tattoo necklace jewelry designs, as set forth below, within the United States and to citizens and residents of the United States.

11. Defendant and its resellers that is, those that sell their merchandise by displaying the same on Defendant's website www.amazon.com, sell accused infringing tattoo necklace jewelry designs copied from Home & Nature's copyrighted tattoo necklace jewelry designs and sells to consumers and customers throughout many of the States of the United States, through and over the Amazon.com website.

12. It would surely not offend substantial notions of justice nor minimum standards of due process for Amazon.com Inc. to defend itself in this judicial district of the United States since it has internet and market penetration throughout the United States and has had sales and marketing of accused infringing products in this

10

judicial district where actual sales and deliveries of accused infringing merchandise has been made to residents and citizens of this State.

## CLAIMS RELATED TO PLAINTIFF'S DESIGNS

13.  Home & Nature is the owner of many US Certificates of Registered Copyright for its unique tattoo necklace jewelry designs (hereinafter "Home & Nature Tattoo Necklaces").  These Home & Nature Tattoo Necklaces bear and show the artistic designs of an original author and were highly original when created.  They are popular with many demographics within the US and sought to be purchased by many.   They are truly distinctive. The Home & Nature tattoo necklaces are sought by young adults, adults, children, and others.  Sales over the years by licensed distributors have exceeded millions of units and tens of millions of dollars.

14.  Home & Nature acquired all copyrights and all certificates of US Copyright Registration and the rights to recover for all infringements including recovery of damages by Assignment to the Home & Nature Tattoo Necklace designs and associated copyrights from the original author, Marianne Lorraine Visser, then of The Netherlands.

15.  Home & Nature has established a strong and successful business plan of having its designs made and sold by others, so long as the makers and resellers obtained a License on terms provided by Home & Nature and only if the same were subject to a royalty and the same were paid for each unit sold.

16.  Home & Nature's Licensees make and sell Home & Nature Tattoo Necklaces generating sales in the order of about $4.0 Million each year, so, at retail prices of about $4-5 per each tattoo necklace; about 1,000,000 jewelry units reflecting authentic copyrighted designs are sold to consumers each and every year.

17.  The Home & Nature Tattoo Necklaces have been unlawfully advertised, copied, manufactured,  sold and delivered in the past and are still being unlawfully offered for sale and sold by Amazon.com Inc. and its distributors and resellers by use of the Amazon.com website.

18.  The aesthetic designs for the Home & Nature Tattoo Necklaces have been registered with the United States Copyright Office.  The US Certificates of Copyright Registration list the owner of the US Copyrights as Home & Nature, Inc. The US Certificates of Copyright Registration were obtained as a consequence of an Assignment of rights by the author directly to Home & Nature Inc.

19.  The applicable Certificates of Copyright Registration, owned by Home & Nature, Inc., plaintiff herein, and relating to the Home & Nature Tattoo Necklaces are:

US Certificate of Copyright Registration and Issue Date

VA 971-151 issued MARCH 11, 1999

VA 985-920 issued MARCH 12, 1999

VA 985-921 issued MARCH 13, 1999

VA 971-150 issued MARCH 11, 1999

VA 1-025-801 issued MAY 25, 1999

VA 1-103-802 issued MAY 25, 1999.

20. Copies of the Certificates of Copyright Registration referred to above are attached hereto as a single collective Exhibit A.

21. Copies of the Tattoo Necklace Jewelry Designs and the Deposit Copy Materials (evidencing the copyrighted designs of the tattoo necklaces, as the same were submitted along with the applications seeking Certificates of Copyright Registrations referred to above are attached hereto as collective Exhibit B. Exhibit B is a single collective exhibit showing the black and white photographs of the Works which constitute the Deposit Copies for the applications resulting in the Certificates of Copyright Registration referred to above. Style Nos. 12, 10 and 11 are the most commonly infringed upon Works of Home & Nature's Registered tattoo necklace designs.

22a. Home & Nature is the exclusive owner of the US copyrights underlying the Home & Nature Tattoo Necklaces including the right to make and sell copies, reproductions, derivative works and/or the right to exclusive manufacture, distribution and sales of the Home & Nature Tattoo Necklaces.

22b. Defendant and its resellers have made and offered for sale and sold tattoo necklaces which are copied from or which are substantially similar to the registered claims to copyright as set forth above, owned by Home & Nature.

22c. Defendant has not designed nor created any new tattoo necklaces for sale to the public but, rather, the products which its resellers offer for sale are substantially copied from the designs of Home & Nature and its copyrighted tattoo necklace designs.

22d. Home & Nature, on information and belief, can establish that the accused infringing tattoo necklace products made, offered for sale and sold by Defendant and its resellers were available to Defendant before the onset of the design and manufacturing process and that the same were

substantially copied from and are substantially similar to the copyrighted and Registered designs of Home & Nature.

23.  Home & Nature, has been, through its Licensees, making and selling and widely distributing tattoo jewelry necklaces in the United States, since on or about 2000 and continuing thereafter and to date.   These designs are set forth in the indicated US Certificates of Copyright Registrations and the photographs of the Deposit Copies of the Works (Exhibits A and B).

24.  Home & Nature's investigation into the unlawful use of its proprietary jewelry necklace designs revealed that Amazon.com Inc. operating by and through its website Amazon.com, has been buying, having replicated for it, and selling directly and through its resellers but all on and through the Amazon.com website, to consumers, products substantially similar to, copied from and directly based on the copyrighted Home & Nature Tattoo Jewelry Necklace designs.

25.  Amazon.com Inc., on information and belief, has warehoused and sells and then distributes and delivers pursuant to consumer orders placed on its amazon.com website, and is still distributing, advertising and selling selling for profit inexpensive jewelry-like tattoo-simulating necklaces (the "Infringing Designs") that are copied from, substantially similar to, and infringe upon the copyrights Plaintiff has obtained and Registered to its Tattoo Necklace Jewelry Designs.

26.  Amazon.com Inc. has no right to rely upon the "safe harbor" provisions of the DMCA for a defense of immunity, for at least the accused infringing products herein as it has been notified repeatedly of the infringing materials on its website, the specific ASIN's which are substantially copied from Home & Nature's Registered and Copyrighted tattoo necklace designs and Amazon.com, Inc. has not dealt with the same on the merits but, rather, has denied the claim without any further opportunity for discussion of the merits.  This is in clear contravention to the

14

requirements of the DMCA for a safe harbor for the Amazon.com's website and its direct and contributing infringing conduct.

26.   Examples of just a few of literally dozens of copied and infringing tattoo necklaces shown on the Amazon.com website are attached as Exhibit C.  A simple visual comparison between the tattoo necklaces of Exhibit B, Registered under the Certificates set forth in Exhibit A, and compared to those shown on Defendant's website in Exhibit C, clearly show that the accused infringing merchandise, tattoo necklaces, have been copied from Home & Nature's copyrighted designs and the same are being sold by Defendant on its website   Exhibit E is a partial listing of the ASINs which have been offered for sale by Defendant and for which Home & Nature has filed a Complaint with Defendant and, yet, Defendant has substantially ignored the merits of the allegations of infringement in most cases and where if Defendant has taken down the identified ASINs, they have seemingly ignored the merits and assigned the same resellers new ASINs.

27.   A visual comparison of just a few of the accused infringing designs of Defendant as set forth by the accused infringing ASINs of the Amazon.com website (as set forth in the Complaints filed with Defendant and identifying the ASINs of Exhibit E) can be made and it is clear that the copyrighted tattoo necklaces of Home & Nature is shown in Exhibit B have been copied.  It is clear from a comparison of the Registered and copyrighted Home & Nature Tattoo Necklaces, those with Certificates of Copyright set forth in Exhibit A with deposit copies of the Works shown in Exhibit B, in comparison to the accused infringing tattoo necklace designs sold by Amazon.com (shown in Exhibit C) show widespread and rampant infringement.    Clearly the accused infringing designs are substantially similar to the Home & Nature copyrighted designs. Amazon.com Inc. has copied the Home & Nature unique, original, distinctive and copyrighted

15

(all of which have Certificates of Copyright Registration) tattoo necklace jewelry designs and continues to offer them for sale.

28.   Exhibits B and  C show the substantial similarity between the Home & Nature Tattoo Necklaces, protected by US Certificates of Copyright Registrations (Exhibit A and B) and the infringing and copied tattoo necklace jewelry designs sold to consumers by Amazon.com Inc. on its Amazon.com website under ASINs (Exhibits C and E).

29.   On information and belief, long after the initial and widespread first sales by Home & Nature, through its Licensees, of the Home & Nature Tattoo Necklaces in the United States, Defendant commenced the placement of advertising for the copying, production, manufacture, purchase, distribution, advertisement, offer for sale, and/or sale and final delivery of tattoo jewelry necklaces that infringed and continue to infringe the Home & Nature Tattoo Necklace jewelry designs -- the copyrighted designs of Plaintiff.  Examples of the Defendant's website showing offering for sale of infringing copies of the Home & Nature copyrighted designs for tattoo necklaces are attached as Exhibit C.

30.   On information and belief, Defendant's distributors and resellers have had access to and were aware of the Home & Nature Tattoo Necklace Jewelry Designs before Amazon.com Inc. commenced its acts of unlawful copying and selling the infringing, substantially similar and copied from Home & Nature Tattoo jewelry necklaces.

31.  Amazon.com Inc. has no authority nor license to make, sell, copy nor reproduce, nor to sell and deliver  Home & Nature's Registered copyrighted designs for tattoo jewelry necklaces.

32.   Home & Nature has by itself and through its attorney, prepared and filed online multiple complaints, emails, and mailings regarding the infringing offering for sale of the accused infringing merchandise and tattoo necklace products by Defendant under its ASINs.   Some resulted in take downs of the products and, yet, within the past 1+ years,, the same merchandise keeps reappearing on the Amazon.com website with a new ASIN for sale by the same or a related reseller.   Examples of correspondence and Complaints concerning US Copyright Infringement as well as the inane responses and non merit-based responses by Amazon.com Inc. are attached as Exhibits F and G.

32.   Home & Nature has sent Defendant, by Registered USPS mail and regular USPS mail, several formal and detailed cease and desist and notice of rights/demands letters,  a few of which are attached as Exhibit F, sent to the Law Offices of Amazon.com Inc. in Seattle, Washington.

33.   To date, other than demanding copies of the Deposit Materials provided to the US Copyright Office (which were provided) and then copies of correspondence with the US Copyright Office by Home & Nature's then counsel wherein Amazon.com, Incn. sought the Certificates of Copyright Registrations (also provided) Amazon.com Inc. has not made any substantive response to Home & Nature's demands for cessation and accounting for the Amazon and resellers infringement.   Amazon.com Inc. has basically ignored the copyrights of Home & Nature Inc.  Amazon.com has frequently merely asked and reasked for the same information to be "resubmitted" which was done by Home & Nature but without obtaining the needed "takedowns."

34a.  Amazon has ignored the US Certificates of Copyright Registrations of Home & Nature, Inc. and has continued to sell and allowed others to use its website and ASINs on the website with a domain name of : www.Amazon.com for the continued sale of infringing tattoo necklace designs, even after being put on repeated actual notice of its and the resellers infringement including the identification of specific ASINs.

34b.  Amazon was notified of its and its resellers infringement as set forth above by formal Notice letters sent to its Legal Department on at least October 18, 2023, September 27, 2023, October 12, 2023, March 4, 2024, November 11, 2025, and via other Complaint correspondence and Chats, etc.  None of these have been dealt with in a reasonable manner resulting in takedowns of the infringing ASINs.  Most of the correspondence is set forth in Exhibit F.

34c.  Many of the Submitted Allegations of Infringement were acknowledged by Amazon.com, Inc. as evidenced by the documents set forth in Exhibit G, but in most recent cases the "conclusion" reached by Amazon.com, Inc was that there was no infringement, without reasoning nor logic.  The correspondence showing the knee-jerk rejection of the claims of infringement and the refusal by Amazon.com to consider the issue on the merits are themselves without merit and attached as a Group Exhibit G.  The Amazon.com responses are without legitimate reasoning, sometimes, for example, merely saying that "[Amazon] cannot take action … [because] The description of [Home & Nature's] copyrighted work does not match the content …reported as infringing."  This is sheer nonsense.  Exhibit G.

35.  Upon information and belief, Amazon.com Inc. has infringed, and is infringing, and unless stopped will continue to infringe the Home & Nature Tattoo Necklace designs and copyrights by advertising, allowing marketing, distributing, warehousing, selling and/or offering for sale and delivering, unauthorized and substantially similar and copied tattoo necklace jewelry products which are slavish copies of the Home & Nature originally designed and Registered as Copyrighted Tattoo Necklace Jewelry Designs.

36.  The manufacture, purchase, distribution, advertisement, offer for sale and sale and handling of the purchase transaction and delivery by Amazon.com Inc. of unauthorized copies of Home & Nature's Tattoo Necklace jewelry designs and products (which are clearly copies of the designs of Home & Nature) cause and will continue to cause severe monetary and reputational damage to Home & Nature.

37.  Upon information and belief, the continued activities of Amazon.com Inc. complained of herein constitute willful and intentional copyright infringement of the Home & Nature Tattoo Necklace jewelry copyrighted designs and such continuing offer for sale and sales and delivery are in total disregard of Home & Nature's intellectual property rights.

38.  Amazon's conduct complained of herein was commenced and continued despite Home & Nature specifically having notified Amazon.com Inc. of Home & Nature's copyrights and the offending ASIN's and the infringement complained of herein.

39.  Further, this conduct is willful and intentional because Amazon.com Inc. has had specific notice that the acts and conduct complained of herein, including without limitation its marketing and sale and delivery of tattoo necklace jewelry designs that are substantially copied from Home & Nature's Tattoo Necklace copyrighted jewelry designs was and is in direct contravention of Plaintiff's intellectual property and copyrights, and was willfully intended by Amazon.com Inc. to deprive Home & Nature of the fruits of its intellectual property and to redirect sales revenue and profits from Home & Nature and its Licensees to Amazon.com Inc. and its resellers.

**<u>FIRST CLAIM FOR RELIEF</u>**

(Copyright Infringement)

40.  Plaintiff repeats, re-alleges and incorporates herein by reference as though fully set forth herein the allegations contained in Paragraphs 1 through 39 of this Complaint.

41.  Plaintiff is informed and believes and thereon alleges that Amazon.com, Inc.  and/or its supplier(s) has(have) had access to Home & Nature's Tattoo Necklace jewelry designs and its copyrighted jewelry designs before it commenced advertising and marketing and delivering the accused infringing designs, including access by and to, without limitation, the Home & Nature Tattoo Necklace Jewelry Designs of the copyrighted and registered works, directly through Home & Nature's Licensees and/or other legitimate and authorized distributors and/or retailers or distributors or through  access to distributed copies of Home & Nature's  designs by licensed third-party vendors, including without limitation international and/or overseas manufacturers; and/or access to the Home & Nature Tattoo Necklace jewelry designs as sold at retail and/or at on-line retail stores.  Some few of the sellers of the Home & Nature <u>licensed</u> tattoo necklaces

20

actually post advertisements and have ASIN's assigned by Amazon.com, Inc. and those sell on Amazon.com.   However, their sales are affected by the sales on Amazon.com of the infringing merchandise.

42. Defendant's accused infringing tattoo necklace jewelry designs were directly copied from and/or are substantially similar to the Home & Nature Tattoo Necklaces Copyrighted Designs. As such, there is copyright infringement by sale by Amazon.com Inc. of the Accused Infringing jewelry designs (Exhibit D and those substantially similar thereto)  in comparison to the Home & Nature Tattoo Necklace Copyrighted Jewelry Designs.

43.  Amazon.com Inc.  has infringed upon the copyrights of Home & Nature in the US by making, selling, distributing and marketing/advertising and delivery of its infringing and substantially copied designs.

44.  Due to Amazon.com Inc. acts of infringement, Home & Nature has suffered significant damages and substantial monetary damages to its business including a substantial drop off of its licensee royalties payable to it in an amount to be established at trial.

45.  Due to Amazon.com Inc.'s acts of copyright infringement as alleged herein and specifically the substantial copying and sales of the creative authorship and aspects of Home & Nature's Tattoo Necklace Jewelry Designs, Amazon.com Inc. has obtained direct and indirect and ill-gotten  profits that would not otherwise have been realized but for the infringement of the Home & Nature Tattoo Necklace Jewelry Designs. As such, Home & Nature is entitled to the

disgorgement of Amazon.com Inc. profits directly and indirectly attributable to its infringement of the Home & Nature Tattoo Necklace Jewelry Designs in an amount to be established at trial.

46.    Home & Nature believes that the attorneys and/or ASIN's assignment team(s) at Amazon.com, Inc. must have known of the popularity and widespread sales of the Home & Nature Tattoo Necklace Jewelry Designs and thus alleges that Amazon.com Inc. has committed acts of copyright infringement alleged herein with actual or constructive knowledge of Home & Nature's protected and intellectual property rights such that Home & Nature is entitled to a finding of willful, deliberate, and bad faith infringement at least from the date of the earliest of the Complaint(s) filed by Home & Nature on the form supplied by Amazon.com Inc.'s website for reporting instances of copyright infringement and the original Notice Letter of Infringement provided and mailed to Amazon.com, Inc. at least until it ceases the purchase and/or sale, marketing and advertising and delivery of infringing copies.

47.    Moreover, Home & Nature alleges that Amazon.com Inc. has continued to procure, import, manufacture, cause to be manufactured, purchase, and/or continue to sell and then deliver tattoo necklace jewelry pieces which infringe upon Home & Nature's Copyrighted Designs even after Home & Nature notified Amazon.com Inc. of its rights, its Registered claims to copyright, and after demand to Amazon.com Inc. that it cease and desist from further acts of infringement.

48.    Amazon.com Inc's. acts of copyright infringement as alleged above were, and continue to be, willful, intentional and malicious, subjecting Amazon.com Inc. to liability for multiple and exceptional statutory damages, at Home & Nature's selection and option, under Section

504(c)(2) of the US Copyright Act in the sum of up to one hundred fifty thousand dollars ($150,000) per infringement.

49. Further, Amazon.com, Inc. willfully and intentionally misappropriated and/or continued to infringe upon Home & Nature's Tattoo Necklace Jewelry Designs and Registered Copyrighted Designs, which renders Amazon.com Inc. liable for the enhanced statutory damages as described herein. Within the time permitted by law, Plaintiff will make its election between actual damages and/or ill-gotten profits of Amazon.com, Inc. and statutory damages.

50. Also, pursuant to US Copyright Law, Home & Nature demands recovery, as the prevailing party in this matter, of its costs and attorney's fees as the then prevailing party in connection with enforcing its US copyrights.

**<u>PRAYER FOR RELIEF</u>**

WHEREFORE, Home & Nature prays for judgment against Amazon.com Inc. as follows:

1. That Amazon.com, Inc. and its agents and servants be enjoined from committing any acts of infringing Home & Nature's copyrights to its tattoo necklace jewelry designs and that Amazon.com, Inc. be enjoined in the making, buying for resale, selling, purchasing, ordering, advertising, marketing, supplying, distributing, taking orders, delivery and/or making derivations of any inexpensive tattoo necklace jewelry designs substantially similar to the copyrighted Home & Nature Tattoo Necklace jewelry designs, in any manner;

2. That Amazon.com, Inc. be found to have acted willfully in the infringement and herein accused acts, and the conduct as complained of herein;

23

3.    That Amazon.com Inc. be required to pay to Home & Nature damages in a sum to be determined at trial and to account for all gains, profits and advantages derived by it and by its improper conduct complained of herein;

4.    That Home & Nature be provided the opportunity to elect statutory and/or enhanced damages as provided by the US Copyright Act for the copyright infringement set forth herein within the United States;

5.    That Home & Nature be provided with enhanced statutory damages under US Copyright Law in view of Amazon.com, Inc.'s willful and deliberate infringing acts at least continuing as of the date of the first of the Complaints filed by Home & Nature Inc. which was(were)  ignored or substantially ignored by Amazon.com Inc. and/or a mailed letter serving as Notice to Amazon.com Inc. of Home & Nature's Registered and exclusive copyrights to its tattoo necklace jewelry designs and Amazon.com Inc.'s and/or its reseller's continued infringement; ;

6.    That Home & Nature be provided with multiple damages as provided by the US Copyright Statute;

7.    That Home & Nature be awarded its costs and attorney's fees as available to the prevailing party under the US Copyright Act, 17 U.S.C. § 101 et seq.;

8.    That Amazon.com Inc., its agents, servants, related companies, and all parties in privity with it, or any one of them, be enjoined permanently from infringing Home & Nature's copyrights by the marketing and advertising for sale of the accused infringing tattoo necklaces and those which are substantially similar to Home & Nature's tattoo necklace jewelry designs which have been registered for US copyright protection with the US Copyright Office;

24

9.    Ordering that all of Amazon.com Inc.'s on-hand and/or warehoused inventory of tattoo necklaces which are copied or substantially copied from Home & Nature's US Copyright Registered designs in Tattoo Necklace jewelry designs and thus clearly infringing products be turned over, seized, impounded and/or destroyed;

10.    That Amazon.com, Inc. be required to turn over all documents and related inforamton and data and have full liability for the loss of royalties due on sales of tattoo necklaces by its resellers and listers of infringing tattoo necklace products with ASIN's and, further, that Amazon.com, Inc. be enjoined from providing ASIN's to resellers of tattoo necklace products which are copied from or sugstantially copied from the registered US copyrighted designs of Home & Nature, Inc.

11.    That Amazon.com Inc. pay Home & Nature for the costs of this action and for Home & Nature's  reasonable attorney's fees and costs, as the Court may allow, consistent with US Copyright Law;

12.  That Amazon.com Inc. be declared not entitled to the benefit of the safe harbor provision of the DMCA as a result of its substantial failure to meet any one or more of the statutory requirements thereof;

25

13.     That Home & Nature be awarded pre-judgment interest as allowed by law; and

14.     That Home & Nature be awarded such further legal and equitable relief as the Court deems proper.

Dated: Aprtil 10, 2026              /s/Andrew S. Langsam/

                                    Andrew S. Langsam
                                    Law Office of Andrew S. Langsam PLLC
                                    NY Bar Number 163505
                                    28 Limestone Road
                                    Armonk, New York 10504
                                    914 450 6651 (Mobile)
                                    ALangsam@PryorCashman.com
                                    ASLangsam@gmail.com

## <u>DEMAND FOR TRIAL BY JURY</u>

Home & Nature hereby demands a trial by jury in this action pursuant to Federal Rule of

Civil Procedure 38 and the Seventh Amendment of the Constitution.


Dated: April 10, 2026
Armonk, New York

Respectfully submitted,

Attorney for Plaintiff, Home & Nature, Inc.

By: /s /Andrew S Langsam/

Andrew S. Langsam
Law Office of Andrew S. Langsam PLLC
alangsam@pryorcashman.com
ASLangsam@gmail.com

28 Limestone Road
Armonk, New York 10504
914 450 6651 (Mobile)

27