USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:
DATE FILED: 08/27/2026

**MEMORANDUM ENDORSEMENT**

*Home & Nature, Inc. v. Amazon.com, Inc.*

7:26-cv-02956 (NSR)

The Court is in receipt of Defendant's letter requesting leave to file a motion to dismiss to the Amended Complaint. (ECF No. 25.) The Court is also in receipt of Plaintiff's letter in opposition. (ECF No. 27.) Although Plaintiff did not seek leave to amend the Complaint, the Court will waive that requirement and allow the Amended Complaint to be the operative pleading. (ECF No. 24.).

Defendant is granted leave to move to dismiss the Amended Complaint. The briefing schedule issued at ECF No. 23 is stricken as moot, and the revised briefing schedule is as follows:

1. Defendant's moving papers shall be served, not filed, on September 28, 2026;
2. Plaintiff's opposition papers shall be served, not filed, on October 28, 2026;
3. Defendant's reply papers shall be served, not filed, on November 12, 2026.

The parties are directed to file all briefing documents on the final reply date, November 12, 2026. The parties are further directed to mail one copy of all motion documents to Chambers as they are served, as well as send a copy to Chambers via email as they are served.

Dated: August 27, 2026

White Plains, New York

SO ORDERED:

HON. NELSON S. ROMAN
UNITED STATES DISTRICT JUDGE

Andrew S. Langsam
Law Office of Andrew S. Langsam, PLLC
28 Limestone Road
Armonk, New York 10504
914 450 6651 ASLangsam@GMail.com

August 26, 2026

By Fax: (914) 390 - 4179

Honorable Nelson S. Román
United State District Judge
United States Courthouse
300 Quarropas Street, Courtroom 218
White Plains, New York 10601

Re: Home & Nature, Inc. v. Amazon.com, Inc. No. 7:26-cv-02956-NSR

Dear Judge Román:

Further to your Order, Home & Nature, Inc., (hereinafter "H&N") responds to the Letter request of Amazon.com, Inc. in the captioned civil matter seeking a Pre-Motion conference regarding its proposed second motion to dismiss H&N's Claims, now presented in a First Amended Complaint (hereinafter "FAC"). A comprehensively amended FAC with Exhibits was filed but only after H&N first approached Amazon's counsel in an effort to eliminate the alleged defects in the first filed Complaint, as set forth by Amazon in its letter of July 9, 2026; to streamline the case and importantly, to reduce the time delay and workload of the Court. Amazon's counsel, as set forth below, reviewed the proposed FAC, insisted on certain language and after a second proposed FAC was provided, gave his approval (email attached) to the FAC. There is no need for Amazon to have yet another bite of the same apple and to just delay this matter again.

The Complaint was filed in April, 2026, and there still has not been a joining of issue. Prior to the recent Letter of Amazon, it refused two separate times to accept a Rule 4 request to accept service by mail, it refused to accept service at its Legal Department in Washington State, it refused to acknowledge service of Process at its remote designated Agent, claiming (only upon inquiry as to whether Amazon filed an Answer) that the Summons was not provided by the process server although it was expressly included in the Affidavit of Service) whereupon H&N re-served the papers with a new Summons, and then Amazon filed a request for the first Motion to Dismiss. That, however, was agreed to now be be "moot" upon H&N's amending the

Complaint and including certain express language insisted upon by Amazon (copy of emails regarding that is attached). The extensive time delay can only be considered a deliberate strategy by Amazon to delay. Only after demanding the inclusion of language in H&N's FAC concerning express exclusion of any claim for Amazon's direct copyright infringement and after H&N also reduced the number of asserted US copyrights to a single non-derivative design of its necklaces, did Amazon approve the FAC.

Amazon now raises the existence of an absolute defense to a claim for Indirect Copyright Infringement as a consequence of the factually now alleged acts of contributory infringement and indicates that such exists even without reliance upon the DMCA. Yet, as set forth in the emails, a motion to dismiss on the distinction between direct or indirect infringement, the existence or not of the causes of action as now set forth, was considered "moot" by the filing of the FAC. This request for another Pre-Motion conference for a Motion to Dismiss was mooted by the FAC and Amazon's acceptance, at least in so far as the charge of indirect copyright infringement is adequately set forth in the FAC. There is no need for a Motion to Dismiss.

The filing of the FAC with opposing counsel's approval and including the express language Amazon desired to ensure that H&N's claim did not extend to direct copyright infringement should be the end of the now-proposed Motion. H&N's claim is factually set forth. It is supported by case law. See, for example, *Masck, v. Sports Illustrated et al.* (Order of Hon. Gershwin A. Drain), E. D. Mich. June 11, 2013, where Amazon also sought a Motion to Dismiss a copyright claim based on indirect infringement of a visual artwork being sold on Amazon's marketplace. That claim, too, was based on contributory infringement by Amazon's "marketplace" conduct. In the present case, the marketplace acts are alleged as acts of contributory infringement and here Amazon's Fulfillment program are also alleged as acts of contributory infringement. In denying Amazon's Motion to Dismiss, pre-discovery, the Court in *Maesk*, determined that "selling infringing merchandise is a material contribution to infringement, so Plaintiff has stated a plausible contributory infringement claim against Amazon. Order at page 14. Amazon had relied on *Sony Corp. of Am. v. Universal City Studios, Inc.* 464 U.S. 417, 441(1984) alleging that a defense to contributory infringement existed since the product, their website, was "capable of substantial non-infringing uses." Id. At 422. However, Judge Drain disagreed, because, he stated, the product in question was not Amazon's website, "but the merchandise sold on its website." Thus, the *Sony* holding was not considered

applicable. As the Court there concluded and seemingly critical to its analysis, "Amazon was well aware of the potential infringement because Plaintiff requested the products be removed from Amazon's website." The indirect and contributory infringement claim thus survived Amazon's Motion to Dismiss. The facts are remarkably similar to the present case.

To survive the Motion to Dismiss, the FAC needs to contain sufficient factual allegations/matter, accepted as true, to state a claim to relief that is plausible on its face. In the FAC, H&N has clearly alleged: a valid US Certificate of Copyright Registration protecting its ornamental design for a tattoo necklace product; Authorship, ownership and the minimum level of authorship to support a copyright (indeed, Exhibit C to the FAC is correspondence from the US Copyright Office acknowledging that sufficient creative authorship was present to support the issuance of the Certificate of Copyright Registration; specific ASIN's being sold on Amazon's marketplace are alleged as infringements as they clearly are exact copies of the copyrighted Work; H&N has alleged it had repeatedly complied with Amazon's required manner of initially reporting copyright infringement and receipts were acknowledged by Amazon;H&N had sent separate letters to Amazon's Legal Dept. requesting the takedown of the infringements; Amazon, to the extent it responded, seemingly using AI software, iis alleged to have gnored the applicable visual comparison test of copyright infringement for a Work of the Visual Arts and indicated that the "written description of the Work did not match the copyrighted product;" significant monetary damages resulted from Amazon's actions and many of Amazon's acts and its Fulfillment by Amazon program are described as being in connection with the sale of the accused products and thus were acts of indirect contributory infringement. A claim is surely plausibly alleged along with specific facts supporting the same.

Finally, Amazon, has clearly indicated that it does not intend to rely upon the "safe harbor" provisions of the DMCA despite the FAC alleging many facts supporting the conclusion that Amazon is nevertheless, not entitled to the "safe harbor" provided to ISP's by the DMCA.

Amazon should not now be allowed to proceed with the Motion to Dismiss.

/Andrew S. Langsam/ Andrew S. Langsam

Law Office of Andrew S. Langsam, PLLC

Encl: Emails dated August 2, 2026 by H&N Counsel and Response of Amazon Counsel dated Aug 5, 2026.

Gmail Andrew Langsam <aslangsam@gmail.com>

# POSSIBLE RESOLUTION OF MOTION TO DISMISS OR FILE AMENDED COMPLAINT

**Andrew Langsam** <aslangsam@gmail.com> Wed, Jul 22, 2026 at 5:23 PM
To: ziyu.ma@klarquist.com, klaus.hamm@klarquist.com
Bcc: Hein Karman <heinkarman1@gmail.com>

FOR SETTLEMENT PURPOSES NOT EVIDENCE UNDER F. R. OF EVIDENCE

I would like to try to streamline this matter and avoid unnecessary and costly filings and wasted time. My client would like to reach a decision on the merits sooner rather than later. Towards this end, would you be willing to accept, in lieu of the Motion to Dismiss/ Partial Motion to Dismiss and/or Motion to Order an Amended Complaint, to allow me to amend the Complaint now by:
a) Eliminate all but the primary US Certificate of Copyright Registration VA 971-151 as a basis for the issue of infringement; and
b) provide specific language indicating that the basis of the complaint and cause of action is for indirect US copyright infringement due to Amazon's sales and offers to sell on its market place the accused ASIN's (as representative items) and Amazon's failure to properly review the multiple complaints filed by Home & Nature, Inc. so that there is contributory infringement as the review(s) do not comport with the requirements of the DMCA?

Let me know, please.
Andy Langsam
Attorney for Home & Nature, Inc.
--

Andrew S. Langsam
Law Office of Andrew S. Langsam PLLC

28 Limestone Road
Armonk, New York 10504

ASLangsam@GMail.com
914 450 6651 (Mobile)



Page: 05 of 11 2026-08-26 18:58:30 GMT 19149313918 From: North Castle Public Libra

Gmail

Andrew Langsam <aslangsam@gmail.com>

# POSSIBLE RESOLUTION OF MOTION TO DISMISS OR FILE AMENDED COMPLAINT

**Andrew Langsam** <aslangsam@gmail.com> Fri, Jul 24, 2026 at 5:45 PM
To: "Klaus H. Hamm" <klaus.hamm@klarquist.com>
Cc: Ziyu Ma <Ziyu.Ma@klarquist.com>, Rob Cruzen <rob.cruzen@klarquist.com>, "Marla L. Beier" <marla.beier@klarquist.com>

Attached is proposed Amended Complaint for your review and if acceptable then we can advise the Court that the Motion to Dismiss or Amend is moot.
Let me know, please.

[Quoted text hidden]

---

**Home & Nature Amazon Complaint Revised 7_24-26.docx.pdf**
349K

Page 07 of 11 2026-08-26 18:58:30 GMT 19149131919 From: North Castle Public Libra

Gmail

Andrew Langsam <aslangsam@gmail.com>

# POSSIBLE RESOLUTION OF MOTION TO DISMISS OR FILE AMENDED COMPLAINT

**Klaus H. Hamm** <klaus.hamm@klarquist.com> Wed, Jul 29, 2026 at 1:25 PM
To: Andrew Langsam <aslangsam@gmail.com>
Cc: Ziyu Ma <Ziyu.Ma@klarquist.com>, Rob Cruzen <rob.cruzen@klarquist.com>, "Marla L. Beier" <marla.beier@klarquist.com>

Mr. Langsam,

We have reviewed the proposed Amended Complaint. As we understood your proposal, Plaintiff would narrow the case to Registration No. VA 971-151, withdraw any claim that Amazon directly infringed Plaintiff's copyright, and proceed solely on a new claim for contributory infringement based on alleged direct infringement by third-party sellers.

The proposed draft does not clearly accomplish that. Although it frequently characterizes Amazon's alleged liability as indirect and contributory, it also repeatedly alleges that Amazon itself sells and offers for sale the accused products. For example:

- Paragraph 3 states that Plaintiff seeks protection from "all acts of copyright infringement" involving "unlicensed designs sold by Amazon.com, Inc."
- Paragraph 53 alleges that "Amazon.com Inc. and its many resellers" have "sold and continue to sell product which infringes" Plaintiff's rights.
- Paragraph 59 refers to "Amazon.com Inc.'s unlawful and infringing conduct," including "displaying and offering for sale ASIN's which directly infringe upon the exclusive rights of H&N."
- Paragraph 65 alleges that "[s]ignificant sales have been made by Amazon.com Inc. through its website and marketplace" of the accused products.
- Paragraph 75 alleges that Amazon "sells the accused infringing tattoo necklace products upon and through its website."
- Paragraph 82 alleges that Amazon "has sold and continues . . . to sell accused infringing articles of jewelry."
- Paragraph 106 alleges that Amazon "has warehoused and distributes/delivers" and "is still distributing, advertising and selling" the accused products.
- Paragraph 146 alleges that Amazon's assignment and display of ASINs and its allowance of resellers to use the Fulfilled by Amazon program "is direct infringement of H&N's rights."

These allegations suggest that Plaintiff is attempting to preserve a claim that Amazon directly infringes through its own alleged sales. That is the same basic Amazon-as-seller theory that the Court has permitted Amazon to challenge under *Milo & Gabby*. Repeatedly using the labels "indirect" and "contributory" elsewhere does not eliminate the contrary allegations quoted above.

There are two straightforward ways to resolve this issue.

First, Plaintiff could remove or revise the above allegations and all other allegations that Amazon itself sells, offers for sale, or distributes the accused products, and instead clearly allege that the third-party sellers engage in the asserted direct infringement and that Amazon allegedly contributes to that conduct.

Alternatively, Plaintiff could add express disclaimers making clear that no direct-infringement claim is asserted against Amazon by adding the following to paragraph 4: "This Amended Complaint does not assert any claim that Amazon directly infringed or directly infringes the copyright at issue"; and adding the following to the First Cause of Action: "Plaintiff does not assert direct copyright infringement against Amazon. Plaintiff's sole claim against Amazon is for contributory copyright infringement based on alleged direct infringement by third-party sellers."

Absent either a comprehensive revision of the allegations or an unequivocal disclaimer, the proposed amendment appears to attempt to preserve a direct-infringement theory and therefore does not provide a basis to treat the motion practice authorized by the Court as moot.

We also note that the proposed Amended Complaint now alleges that Registration No. VA 971-151 covers Style 17. See ¶¶ 96–98. That appears inconsistent with Plaintiff's original Complaint and the registration materials. As explained in Amazon's July 9 letter to the Court, Style 17 was asserted under Registration No. VA 971-150, and Amazon obtained leave to challenge that claim because none of the accused products identified in the Complaint even arguably resembled Style 17. Plaintiff offered to narrow the case to Registration No. VA 971-151. That proposal does not permit Plaintiff to preserve the previously challenged Style 17 theory by reassigning Style 17 from Registration No. VA 971-150 to the surviving registration. The proposed Amended Complaint itself elsewhere focuses on Styles 10 and 11 and alleges that those 2 designs were treated by the Copyright Office as substantially the same. See ¶ 101. Please remove all allegations that Style 17 is covered by or asserted under Registration No. VA 971-151. The First Cause of Action also continues to refer generally to Plaintiff's "copyrights" and "Registered Copyrighted Designs" in the plural. Please also revise the First Cause of Action allegations to make clear that Registration No. VA 971-151 is the sole copyright registration asserted in this action.

Please send a revised proposed amended complaint addressing both issues, together with the exhibits referenced in the draft, for our review. Amazon's review of the proposed amendment is limited to whether it resolves the issues addressed by the motion practice already authorized by the Court as to the claim previously asserted. Amazon reserves all rights to challenge any amended complaint and revised or new claims on any other available ground.

Regards,

Klaus

[Quoted text hidden]

Gmail **Andrew Langsam <aslangsam@gmail.com>**

## Proposed Amended Complaint - Revised

**Andrew Langsam** <aslangsam@gmail.com> Sun, Aug 2, 2026 at 11:12 AM
To: "Klaus H. Hamm" <klaus.hamm@klarquist.com>

I attach the proposed Amended Complaint which incorporates your suggestions and now includes the Exhibits, too. Let me know if this will moot the Motion for Dismissal, partial dismissal and for an Amended Complaint.
Any questions, let me know.
Andy Langsam

--

Andrew S. Langsam
Law Office of Andrew S. Langsam PLLC

28 Limestone Road
Armonk, New York 10504

ASLangsam@GMail.com
914 450 6651 (Mobile)

**9 attachments**

**ExhibtCBondell.pdf**
310K

**CombinedExhibitF.pdf**
462K

**CombinedExhibitI.pdf**
2730K

**CombinedExhibitH.pdf**
4578K

**CombinedExhibitG.pdf**
3888K

**CombinedExhibitE.pdf**
450K

**CombinedExhibitB.pdf**
449K

**CombinedExhibitA.pdf**
4355K

**Copy of Home & Nature Amazon Complaint Revised 7_24-26.docx**
52K

Page 11 of 11 2026-08-26 18:58:30 GMT 19149313918 From: North Castle Public Libra



Gmail

Andrew Langsam <aslangsam@gmail.com>

## Proposed Amended Complaint - Revised

**Klaus H. Hamm** <klaus.hamm@klarquist.com> Wed, Aug 5, 2026 at 12:37 PM
To: Andrew Langsam <aslangsam@gmail.com>
Cc: Rob Cruzen <rob.cruzen@klarquist.com>, Ziyu Ma <Ziyu.Ma@klarquist.com>, "Marla L. Beier" <marla.beier@klarquist.com>

Mr. Langsam,

If Plaintiff files the most recent proposed Amended Complaint you provided, Amazon agrees that the motion to dismiss the original Complaint authorized by the Court will be moot, and Amazon will not pursue that motion. As noted in my prior email, Amazon's review of the proposed amendment was limited to whether it resolves the issues addressed by that authorized motion practice. Amazon reserves all rights to challenge the Amended Complaint on any other available ground.

Regards,
Klaus

[Quoted text hidden]